**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LINDA M. SMALLS,

          Plaintiff,

        v.

RAHM EMANUEL,

          Defendant.

Civil Action No. 09-2313 (BAH)
Judge Beryl A. Howell

## <u>MEMORANDUM OPINION</u>

Plaintiff Linda Smalls initiated the instant lawsuit alleging, *inter alia*, race-based employment discrimination, breach of contract, defamation, misrepresentation, and intentional infliction of emotional distress against her former employer, the Office of Administration of the Executive Office of the President.[1] The defendant has moved to dismiss this case on grounds that the Court lacks subject-matter jurisdiction over all of the plaintiff's claims. As explained below, the Court agrees that it does not have jurisdiction to adjudicate any of the plaintiff's claims. Accordingly, the plaintiff's Complaint is dismissed.

---

[1] The plaintiff named Rahm Emanuel, the former Chief of Staff to President Barack Obama, as the defendant in this case. The defendant contends that the President's Chief of Staff is "not the proper defendant to this suit" because the "Complaint makes clear that Plaintiff seeks to bring her action against the [Office of Administration], not [the Chief of Staff] in his individual capacity." Def.'s Mot. Dismiss, ECF No. 13, at 4-5. The proper defendant in a civil employment discrimination action is "the head of the department, agency, or unit, as appropriate." *Johnson v. Veneman*, 569 F. Supp. 2d 148, 159 (D.D.C. 2008); 42 U.S.C. § 2000e-16(c); *see also Hackley v. Roudebush*, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); *Nichols v. Truscott*, 424 F. Supp. 124, 131 n.8 (D.D.C. 2006). The plaintiff contends that Mr. Emanuel is the proper defendant because the Office of Administration is a unit of the Executive Office of the President, which is overseen by the Chief of Staff. Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 10. The plaintiff, however, is incorrect. The proper defendant for claims against the agency in which the plaintiff was formerly employed is the Director of the Office of Administration, Cameron Moody, in his official capacity. The Court therefore substitutes Mr. Moody, pursuant to Fed. R. Civ. P. 25(d), as the named defendant in this case.

1

## I.    BACKGROUND

Plaintiff Linda Smalls was formerly employed as a Human Resources Specialist in the

Office of Administration ("OA") of the Executive Office of the President.  Compl. ¶¶ 3-4, 6.  On

October 4, 2005, after thirty-six years of employment, the plaintiff filed an administrative Equal

Employment Opportunity ("EEO") complaint against the OA, alleging that she was

discriminated and retaliated against because of her race, age, and gender.  Compl. ¶ 3; Def.'s

Mot. Dismiss, Ex. A.  On May 23, 2007, the plaintiff entered into a Settlement Agreement with

OA settling her EEO claims.  Compl. ¶ 9; Def.'s Mot. Dismiss, ECF No. 13, Ex. B.

The terms of the settlement agreement state that the plaintiff "agrees to be placed on paid

administrative leave for 90 work days" ending on September 26, 2007, and "will knowingly and

voluntarily accept early retirement at the close of business on September 26, 2007."  Def.'s Mot.

Dismiss, ECF No. 13, Ex. B.  The plaintiff alleges that although the defendant agreed in the

settlement agreement to designate the termination of the plaintiff's employment as a voluntarily

resignation, on September 1, 2007 the defendant noted the termination of the plaintiff's

employment as an involuntary resignation, which subsequently appeared on the plaintiff's

records as a "resignation [] in lieu of an involuntary action." Compl. ¶ 9.

On November 8, 2007, the plaintiff sent a letter to the OA contending that it had breached

the settlement agreement because the "official notification of personnel action states that

[plaintiff] resigned in lieu of an involuntary action instead of retirement."  Def.'s Mot. Dismiss,

ECF No. 13, Ex. C.  The letter further stated that the plaintiff was "requesting that the agency

resolve this matter within 30-days from the date of this notice by issuing a new personnel action

stating 'retirement' and that the resignation personnel action be cancelled and expunged from all

official government records."  *Id.*  In response to the plaintiff's letter, on December 5, 2007, the

OA issued a Final Agency Decision concluding that it was not in breach of the settlement agreement. Compl., Ex. 1, at 1. Plaintiff appealed this agency decision with the Equal Employment Opportunity Commission ("EEOC"), which affirmed the agency's decision on August 3, 2009.[2] *Id.* at 1-4. Specifically, the EEOC concluded that since the plaintiff was ineligible for voluntary retirement, in order to effectuate the settlement agreement allowing her to obtain retirement benefits, the agency had to state that her resignation was in lieu of an involuntary action. Compl., Ex. 1, at 3. The plaintiff subsequently initiated the instant lawsuit.[3]

The plaintiff asserts eight counts in her Complaint: race discrimination and retaliation in violation of 42 U.S.C. § 1981 (Counts I and II), breach of contract (Counts III and IV), defamation (Count V), misrepresentation (Count VI), civil conspiracy (Count VII), and intentional infliction of emotional distress ("IIED") (Count VIII). Compl. ¶¶ 5-38. For the defendant's alleged illegal conduct, the plaintiff requests, *inter alia*, injunctive relief, specific performance, and compensatory and punitive damages. Compl., Prayer for Relief.

On April 23, 2010, the defendant moved to dismiss the plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim, respectively. For the reasons explained below, the Court lacks subject-matter jurisdiction over all of the plaintiff's claims. Accordingly, the defendant's motion to dismiss is granted.

---

[2] In addition, the plaintiff sought relief from the Merit Systems Protection Board ("MSPB") regarding her settlement agreement. However, in a decision issued on April 4, 2008, the MSPB denied the plaintiff's appeal, concluding that the plaintiff's settlement agreement with the OA was valid, and that her retirement was not involuntary. Compl., Ex. D, at 12.

[3] Plaintiff originally filed her Complaint, with assistance of counsel, on November 6, 2009. Plaintiff's attorney, however, withdrew as counsel on March 18, 2010, prior to the filing of the defendant's motion to dismiss. Accordingly, the plaintiff is proceeding *pro se*. A *pro se* complaint must be held to less stringent standards than those applied to formal pleadings drafted by lawyers. *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008). Although the plaintiff filed her Complaint with the assistance of counsel, the Court is mindful of the fact that the plaintiff's memorandum opposing the defendant's motion to dismiss was filed *pro se* and affords the plaintiff considerable leeway in interpreting her brief.

## II.      STANDARD OF REVIEW

A court must dismiss a case when it lacks subject matter jurisdiction. *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 62 (D.D.C. 2007). "Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. U.S. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court must construe the allegations in the Complaint liberally but "need not accept inferences drawn by the plaintiffs if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiffs' legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006); *see also Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). The Court must be assured that it is acting within the scope of its jurisdictional authority and therefore must give the plaintiffs' factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Westberg v. FDIC*, 759 F. Supp. 2d 38, 41 (D.D.C. 2011); *Dubois v. Wash. Mut. Bank*, No. 09-2176, 2010 WL 3463368, at *2 (D.D.C. Sept. 2, 2010); *Hoffman v. District of Columbia*, 643 F. Supp. 2d 132, 135-136 (D.D.C. 2009); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001). In evaluating subject matter jurisdiction, the Court, when necessary, may look outside the Complaint to "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Alliance for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

## III.    DISCUSSION

The plaintiff asserts that the defendant discriminated and retaliated against her on account of her race in violation of 42 U.S.C. § 1981 (Counts I and II), breached the terms of the settlement agreement (Counts III and IV), and is liable for defamation, misrepresentation, civil conspiracy, and IIED (Counts V-VIII).  As explained below, the plaintiff's employment discrimination claims are barred by Title VII, which provides the exclusive remedy for employment discrimination claims against the federal government.  The plaintiff's breach of contract claims must be dismissed because this Court does not have jurisdiction to hear these claims.  Finally, the plaintiff has failed to establish that she exhausted her administrative remedies under the Federal Tort Claims Act, and therefore may not assert her tort claims in this lawsuit.

### A.  Counts I and II Must Be Dismissed Because Title VII Provides the Exclusive Remedy for Employment Discrimination Claims against the Federal Government.

Counts I and II of the plaintiff's Complaint allege race discrimination and retaliation pursuant to 42 U.S.C. § 1981(b).  Compl. at 2-3.  Specifically, Count I alleges that the defendant terminated the plaintiff because she is African American.  *Id.* ¶ 7.  Count II alleges that the defendant retaliated against her for filing an EEO complaint.  *Id.* ¶¶ 9-11.  The defendant, however, asserts that the Court lacks subject-matter jurisdiction over these claims because the plaintiff's claims must be asserted under Title VII.  Def.'s Mot. Dismiss, ECF No. 13, at 6.  The Court agrees that it lacks subject matter jurisdiction to adjudicate the plaintiff's race discrimination and retaliation claims.

In *Brown v. General Services Administration*, 425 U.S. 820 (1976), the Supreme Court established that Title VII was the exclusive judicial remedy for claims of discrimination in the

context of federal employment. *Id.* at 835 ("[T]he established principle leads unerringly to the conclusion that § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment."); 42 U.S.C. § 2000e-16; *see also Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir 1983) ("The Title VII remedy declared exclusive for federal employees in *Brown v. GSA* precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation.") (internal citation omitted); *Turner v. Shinseki*, No. 07-cv-643, 2011 WL 5526446, at *8 (D.D.C. Nov. 15, 2011) (dismissing employment discrimination claim under Section 1981 because Title VII provides the exclusive statutory remedy for an employee's racial discrimination claims against a federal government agency); *Marcus v. Geithner*, No. 09-cv-1686, 2011 WL 4402362, at *7 (D.D.C. Sept. 22, 2011) (same). The plaintiff therefore may not assert her Section 1981 employment discrimination claims against the federal government.

The plaintiff incorrectly relies on *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008) for support of her argument that her retaliation claims are actionable in this Court, asserting that *CBOCS* "interpreted § 1981 to imply a private cause of action for race-based retaliation claims." Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 13. *CBOCS*, however, is not relevant to this case. In *CBOCS*, a former employee of a privately owned restaurant sought to assert retaliation claims under Section 1981 against his employer. *CBOCS*, 553 U.S. at 445. The Court held that retaliation claims could be asserted either through Title VII or under Section 1981, and that the "overlap" between the two "reflects congressional design." *Id.* at 455. *CBOCS*, however, did not involve a federal employee and did not overrule *Brown*'s holding that a suit against a federal agency for employment discrimination must be brought pursuant to Title VII. *See Winfield v. Gates*, No. 2:09-cv-244, 2009 WL 3720655, at *5 (S.D. Oh. 2009) ("CBOCS . . . involved a

private employee suing a private employer, not a federal employee suing a federal employer. Therefore, the Supreme Court did not overrule Brown in CBOCS [] and . . . did not hold that suit against a federal agency for employment discrimination can be brought under Title VII and 42 U.S.C. § 1981.").  Indeed, courts in this Circuit have carefully distinguished § 1981 claims brought by federal employees from those brought by other individuals.  *See Torre v. Barry*, 661 F.2d 1371, 1374 (D.C. Cir. 1981) ("The situation of federal employees covered by section 717 of Title VII is different.  The Supreme Court has held squarely that section 717 'provides the exclusive judicial remedy for claims of discrimination in federal employment,'" quoting *Brown*, 425 U.S. at 835); *Hamilton v. District of Columbia*, 720 F. Supp. 2d 102, 110 (D.D.C. 2010) (distinguishing state and local employees from federal employees who "must bring discrimination claims against their employers under Title VII").  The Court lacks subject matter jurisdiction to hear plaintiff's allegations of race discrimination and retaliation asserted pursuant to § 1981.  Accordingly, Counts I and II of the plaintiff's complaint must be dismissed.

### B. Count III Is Dismissed Because the Court of Federal Claims Has Exclusive Jurisdiction Over Contract Claims for Damages Greater than $10, 000.

Count III of the plaintiff's complaint alleges that the defendant breached the terms of the May 23, 2007 Settlement Agreement by subjecting the plaintiff to "involuntary retirement" instead of providing her with an "early retirement."  Compl. ¶¶ 13, 14.  As redress for this alleged breach, the plaintiff requests monetary relief, including punitive damages, interest, and attorney's fees, as well as, *inter alia*, injunctive relief and specific performance.  Compl., Prayer for Relief.  The defendant argues that Count III must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the government has not waived sovereign immunity for these claims and the Court therefore lacks subject matter jurisdiction.  The Court agrees.

"[I]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003). "Federal courts may assert jurisdiction over suits against the United States only to the extent that sovereign immunity has been waived." *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Such a waiver "cannot be implied but must be unequivocally expressed." *Ha v. U.S. Dep't of Educ.*, 680 F. Supp. 2d 45, 47 (D.D.C. 2010) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Moreover, courts must construe any legislative waiver of immunity strictly in favor of the sovereign. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *accord Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

Pursuant to the Tucker Act, Congress waived sovereign immunity with regards to "any claim against the United States . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a). Specifically, the Tucker Act states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act provides the only such waiver of sovereign immunity for claims arising out of contracts with the United States. *See Schmidt*, 696 F. Supp. 2d at 61. Although the Tucker Act does not expressly limit claims to money damages, it "has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States." *Bowen v. Massachusetts*, 487 U.S. 879, 914 (1988) (citing *United States v. Jones,* 131 U.S. 1 (1889)). While this Court has concurrent jurisdiction for certain claims seeking $10,000 or less pursuant to the "Little Tucker Act," *see* 28 U.S.C. § 1346(a), when a claimant seeks more than $10,000 on

a contract claim against the government, the Court of Federal Claims has exclusive jurisdiction. *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007); *Schmidt*, 696 F. Supp. 2d at 60.

This Circuit has repeatedly held that disputes regarding settlement agreements with federal agencies are governed by the Tucker Act. *See Greenhill v. Spelling*, 482 F.3d 569, 576 (D.C. Cir. 2007); *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005) (holding that "this court generally treats settlement agreements as contracts subject to the exclusive jurisdiction of the Court of Federal Claims"); *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2005) (concluding that the breach of settlement agreement claim should have been brought in the Court of Federal Claims pursuant to the Tucker Act). This applies to settlement agreements that resolve employment discrimination claims because "even though Title VII might have been the basis of a settlement agreement, a breach claim is a straightforward contract dispute . . . under the Tucker Act." *Robinson v. Salazar*, No. 10-cv-1577, 2011 WL 1344729, at *1 (D.D.C. Apr. 8, 2011) (quoting *Greenhill*, 482 F.3d at 575 (D.C. Cir. 2007)); *accord Holmes v. United States*, 657 F.3d 1303, 1312 (Fed. Cir. 2011) ("We agree with the D.C. Circuit, as well as Court of Federal Claims cases which have reached a similar conclusion, that Tucker Act jurisdiction may be exercised in a suit alleging breach of a Title VII settlement agreement.").

Here, Count III of the plaintiff's Complaint, as the defendant notes, "sounds in contract" and is a straightforward breach of contract claim. Def.'s Mot. Dismiss, ECF No. 13, at 9. Moreover, the plaintiff's claim lies outside the jurisdiction afforded to this Court pursuant to the Little Tucker Act because the plaintiff does not limit the damages she seeks at or below the $10,000 jurisdictional threshold. *See Greenhill*, 482 F.3d at 573 ("If [plaintiff] explicitly or in essence seeks money damages in excess of $10,000, jurisdiction rests exclusively with the Court of Federal Claims."); *Brown*, 389 F.3d at 1297 (holding that the plaintiff should have brought her

lawsuit in the Court of Federal Claims because "she advance[d] a contract claim against the United States in excess of $10,000"); *Kidwell v. Dep't of the Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government.").

The plaintiff contends that her claim for breach of the settlement agreement should not be dismissed because the defendant "failed to include and express the waiver rights and claims under the Age Discrimination in Employment Act" (ADEA) and thus "the waiver provision in the settlement agreement is not valid and enforceable." Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 14. The plaintiff, however, has not asserted a claim under ADEA. As the defendant correctly notes, "whether or not [the plaintiff] waived her right to an ADEA action has no bearing on the threshold question of whether the Court has jurisdiction over her breach claim." Def.'s Reply, ECF No. 16, at 6.

The plaintiff further contends that the settlement agreement between the parties states that the plaintiff "may file any claims to enforce this Agreement with the EEOC," and the use of the word "may" implies that she is permitted to "pursue other avenues of redress." Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 14. This is incorrect. The sentence following the one referenced by the plaintiff provides that the plaintiff's remedy for breach "is limited to enforcement of the specific term of the Agreement that the Agency is found to have breached." Def.'s Mot. Dismiss, ECF No. 13, Ex. B, ¶ 9. As noted above, this Court does not have jurisdiction to hear claims for equitable relief against the United States. *See Bowen*, 487 U.S. at 914. Rather, the plaintiff must present her claims to the EEOC, which is authorized to direct specific performance of a Title VII

settlement agreement as remedy for breach of that agreement. 29 C.F.R. § 1614.504(a) (providing that a complainant alleging breach of a settlement agreement shall notify the EEOC and "may request that the terms of settlement agreement be specifically implemented"). This Court does not have jurisdiction to hear the plaintiff's breach of contract claim, and she may not assert it here. Accordingly, Count III of the plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction.

### C. Count IV Must Be Dismissed Because the Civil Service Reform Act Precludes Claims for Breach of Implied Contract.

Count IV of the Plaintiff's Complaint alleges that plaintiff sustained damages due to the defendant's breach of an implied contract. Specifically, the plaintiff states that the "[d]efendant had a duty to Plaintiff to maintain the standards set forth at, *inter alia*, pursuant to 5 U.S.C. §§ 2301 and 2302(b) *et seq.*" Compl. ¶ 19. The statutory provisions the plaintiff references are portions of the Civil Service Reform Act ("CSRA"). The defendant argues that Count IV must be dismissed for lack of subject-matter jurisdiction.

The CSRA, codified as amended in scattered sections of Title 5 of the United States Code, "established a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455 (1988); *see also Peter B. v. United States*, 579 F. Supp. 2d 78, 81 (D.D.C. 2008) ("When enacted, the CSRA established an elaborate new framework for evaluating adverse personnel actions [taken] against certain categories of federal employees.") (internal citation and quotations omitted). This statutory scheme is the "exclusive framework for judicial review of adverse disciplinary actions taken by federal agencies." *Id.* (quoting *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 940 F.2d 704, 709 (D.C. Cir. 1991)). Indeed, "the CSRA precludes non-CSRA remedies for an adverse personnel action even where the CSRA does not make those remedies available to the

11

plaintiff." *Id.* (internal citations omitteed); *see also Am. Postal Workers Union, AFL–CIO*, 940 F.2d at 708-09. As the D.C. Circuit has noted, the "failure to include any relief within the remedial scheme of so comprehensive a piece of legislation reflects a congressional intent that no judicial relief be available." *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005) (internal citations omitted). The CSRA provides "the exclusive remedies for violations of its provisions" that "[cannot] be supplemented by an implied private right of action." *Id.* at 67. Thus, in other words, "what you get under the CSRA is what you get." *Id.*

The plaintiff asserts that the defendant breached an implied contract when it violated 5 U.S.C. §§ 2301 and 2302(b), which, *inter alia*, proscribe discrimination against federal employees. As the defendant notes, "neither these provisions nor any other part of the CSRA authorizes a right of action for failure to abide by those principles." Def.'s Mot. Dismiss, ECF No. 13, at 15. The plaintiff may only seek redress for alleged violations of the CSRA within the provisions and procedures established by the Act.[4] Her breach of implied contract claim for alleged violations of the CSRA is not an actionable claim under Act and therefore must be dismissed.

### D. Counts V, VI, and VIII Must Be Dismissed Because the United States Has Not Waived Sovereign Immunity With Respect to Counts V and VI, and the Plaintiff Has Failed to Exhaust Available Administrative Remedies for Count VIII.

In Counts V, VI, and VIII of the Complaint, the plaintiff alleges defamation, misrepresentation, and intentional infliction of emotional distress, respectively. Compl. ¶¶ 21-38. The defendant argues that "[n]one of these claims is properly before the Court," and requests

---

[4] The defendant notes that "[i]n fact, Plaintiff has already availed herself of the remedies allowed to her under the CSRA. After receiving the December 2007 [Final Agency Decision] on her claim of breach, in addition to appealing to the EEOC, she also filed an appeal to the Merits System Protection Board. The Board dismissed her appeal for lack of jurisdiction on April 4, 2008 . . . . The Board's decision became final on May 9, 2008, and under 5 U.S.C. § 7703, if Plaintiff desired judicial review, she was required to file an action in the Federal Circuit within 60 days of receiving notice of the Board's final decision." Def.'s Mot. Dismiss, ECF No. 13, at 15 n.11.

the Court to dismiss the claims for lack of jurisdiction.  Def.'s Mot. Dismiss, ECF 13, at 16. The

Court agrees that it lacks jurisdiction to hear these claims.

As a preliminary matter, the Court notes that if Counts V, VI, VIII are based on harm

suffered as a result of alleged discrimination and retaliation faced during the plaintiff's federal

employment, her claims, as noted above, are preempted by Title VII.  Def.'s Mot. Dismiss, ECF

No. 13, at 16.  To the extent that the plaintiff asserts claims under the Federal Tort Claims Act

("FTCA"), these claims must also be dismissed.

1.  *Counts V and VI Must Be Dismissed Because the FTCA Expressly Bars Claims of
    Defamation and Misrepresentation.*

Counts V and VI of the plaintiff's Complaint alleges defamation and misrepresentation.

The defendant contends that the United States has not waived its sovereign immunity with

respect to defamation and misrepresentation claims, and therefore the Court should dismiss

Counts V and VI for lack of subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1).

"The FTCA waives the sovereign immunity of the United States with respect to some,

but not all, torts.  Those torts for which the United States retains immunity are enumerated in 28

U.S.C. § 2680(h)." *Peter B.*, 579 F. Supp. 2d at 83 (internal citations and quotations omitted).

The statute's waiver is limited, and it explicitly bars suits against the United States with regards

to claims of "libel, slander, misrepresentation, deceit, or interference with contract rights."  28

U.S.C. § 2680(h).  Therefore, courts in this Circuit uniformly dismiss misrepresentation and

defamation claims against the United States.  *Marcus v. Geithner*, No. 09-cv-1686, 2011 WL

4402362, at *4 (D.D.C. Sept. 22, 2011) (concluding that the FTCA bars "claims that arise from

alleged misrepresentations, whether negligent or intentional," citing *Block v. Neal,* 460 U.S. 289,

296 (1983)) (internal citations and quotations omitted); *see also Gardner v. United States*, 213

F.3d 735, 737 n.1 (concluding that the plaintiff's defamation claim against the United States was

barred); *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 64 (D.D.C. 2010) (dismissing a former federal employee's defamation claim because the FTCA explicitly bars such claims); *Upshaw v. United States*, 669 F. Supp. 2d 32, 44 (D.D.C. 2009) (dismissing defamation claim of former Library of Congress employee due to lack of subject matter jurisdiction under the FTCA); *DeGeorge v. United States*, 521 F. Supp. 2d 35, 40 (D.D.C. 2007) (holding that the FCTA barred plaintiff's claim for misrepresentation where alleged false statements made by U.S. agents resulted in destruction of plaintiff's boat); *Bonham v. U.S. Gov't Med. Review Bd.*, No. 90-cv-0733, 1990 WL 169297 (D.D.C. Oct. 19, 1990) (concluding that that FCTA barred suit over former Army employee's defamation claim for alleged false statements made about him by the United States Government Medical Review Board).  Moreover, a plaintiff cannot circumvent the exclusions in the FTCA by "simple expedient drafting" where in reality the United States is immunized against the claim.  *See Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (internal citations and quotations omitted).  Instead, the "government conduct that is alleged to have caused the injury determines the essential nature of the cause of action." *Id.* at 35-36.

Here, the Court agrees with the defendant that Counts V and VI are clearly claims of libel, slander, or misrepresentation.  Def.'s Mot. Dismiss, ECF No. 13, at 18.  The plaintiff's defamation claim alleges that her SF-50, "Notification of Personnel Action" form, stated that "she resigned in lieu of involuntary action."  Compl. ¶ 22.  According to the plaintiff, this "[s]tatement is false and tends to expose Plaintiff to scorn, hatred, contempt, or ridicule, thereby discouraging other from having a good opinion of, from associating with, and/or dealing with Plaintiff." *Id.*  With regards to the misrepresentation claim, the plaintiff alleges that the defendant negligently made a false statement to the Plaintiff that "it would provide her with an

'early retirement,'" and that the defendant intended for the plaintiff "to act or rely upon the negligent assertion and execute . . . [the] settlement agreement." *Id.* at ¶¶ 28-30. The plaintiff's claims for defamation and misrepresentation are clearly precluded by 28 U.S.C. § 2680(h).[5] The Court therefore dismisses Count V and VI for lack of subject matter jurisdiction.

### 2. *Count VIII Must Be Dismissed Because the Plaintiff has Failed to Demonstrate Exhaustion of Administrative Remedies under the FTCA*

In Count VIII, the plaintiff alleges IIED, asserting that the defendant subjected the plaintiff "to intentional and reckless conduct that was extreme and outrageous," and that "there is a causal relationship between the alleged wrongful conduct and damages that [she] has suffered." Compl. ¶¶ 37-38. The defendant argues that Count VIII should be dismissed because the plaintiff has failed to demonstrate that she exhausted available administrative remedies and the Court therefore lacks subject-matter jurisdiction. Def.'s Mot. Dismiss, ECF No. 13, at 18. The Court agrees and Count VIII of the plaintiff's Complaint is dismissed.

The plaintiff may only assert an IIED claim against a federal agency pursuant to the FTCA. *Wilson*, 759 F. Supp. 2d at 64 ("[C]laims for negligent and intentional infliction of emotional distress against a federal agency can only be pursued via the FTCA."); *Johnson v. DiMario*, 14 F. Supp. 2d 107, 111 (D.D.C. 1998). In order to bring suit under the FTCA, a plaintiff must have exhausted all available administrative remedies, which requires her to have "(1) presented a federal agency with a claim describing, with particularity, the alleged injury and damages and (2) either received a written denial of the claim from the agency or waited six months from the date of filing without obtaining a final agency disposition." *Totten v. Norton*,

---

[5] The plaintiff contends in response that "some courts have found invasion of privacy claims are not subsumed within the scope of [the FTCA] exceptions . . . thus [her] claim is not barred from the FTCA." Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 15. Even assuming that she is correct, the plaintiff has not asserted any claims alleging invasion of privacy.

421 F. Supp. 2d 115, 122 (D.D.C. 2006); 28 U.S.C. § 2675(a); *see also Wilson*, 759 F. Supp. 2d at 64 (D.D.C. 2011) (citing *Macneil v. United States*, 508 U.S. 106, 111, 113 (1993)).  Failure to comply with the administrative requirements of the FTCA deprives the Court of jurisdiction to hear the case.  *Id.* at 122; *see also GAF Corps. v. United States*, 818 F. 2d 901, 905 n.6 (D.C. Cir. 1987).

 Although the FTCA provides relief for IIED, as the defendant notes, the plaintiff has failed to demonstrate that she complied with the required administrative procedure before bringing her claim in federal court.  Def.'s Mot. Dismiss, ECF No. 13, at 19.  The plaintiff states in her opposition to the defendant's motion to dismiss that she "filed an appeal with the Merit Systems Protection Board; filed a complaint with the Office of Special Counsel; filed an appeal and request for reconsideration with the [EEOC]; and filed an appeal with the Office of Administration."  Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 15.  The plaintiff's "bare allegations of exhaustion are not sufficient to establish jurisdiction."  *Adams v. United States Capitol Police Bd.*, 564 F. Supp. 2d 37, 40 (D.D.C. 2008).  The plaintiff does not provide any evidence "that any of these complaints or appeals she allegedly filed, or any other document that she furnished to the OA, presented an administrative claim for emotional distress."  Def.'s Reply, ECF No. 16, at 11.  The plaintiff's failure to comply with the administrative requirements of the FTCA bars the Court from adjudicating Count VIII, and the plaintiff has not supplied evidence that she has complied with the applicable FTCA procedures.  *See Totten*, 421 F. Supp. 2d at 123 (dismissing plaintiff's IIED claim because the "[p]laintiff, who bears the burden of establishing jurisdiction, has patently failed to demonstrate that he took the necessary steps to exhaust his administrative remedies . . . .").  Her IIED claim is therefore dismissed.

### E. Count VII Must Be Dismissed Because the Plaintiff May Not Maintain a Claim of Civil Conspiracy.

Count VII of the plaintiff's Complaint alleges "civil conspiracy." Specifically, the plaintiff states that the defendant used "unlawful means to accomplish an act not in itself unlawful, i.e. separating Plaintiff from active service" and the plaintiff was "damaged" by the defendant's "execution of the conspiracy." Compl. ¶¶ 34-35.

A claim of civil conspiracy is not an independent tort under D.C. law, "but only a means for establishing vicarious liability for an underlying tort." *Wilson,* 759 F. Supp. 2d at 64-65 (citing *Nader v. Nat'l Democratic Party*, 567 F.3d 692, 697 (D.C. Cir. 2009)). As explained above, the Court lacks jurisdiction over all of the plaintiff's underlying tort claims. Thus, "[b]ecause the underlying tort claims fail, so too must the civil conspiracy claim." *Id.* at 65. The plaintiff's civil conspiracy claim is therefore dismissed.

### F. The Additional Allegations Presented in the Plaintiff's Opposition to the Defendant's Motion to Dismiss Do Not Supply This Court With Subject-Matter Jurisdiction.

Finally, in her opposition to the defendant's motion to dismiss, the plaintiff argues that the Court has jurisdiction to adjudicate her claims pursuant to the Privacy Act of 1974, 5 U.S.C § 552a. Specifically, she contends that "[o]n more than one occasion, Defendant negligently disclosed the settlement agreement, a federal record, protected by the Privacy Act to her former attorney and to the EEOC for other than the systems of records routine uses. In doing so, Defendant intruded on Plaintiff's right to privacy . . . ." Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 11. The plaintiff also alleges that the Court has jurisdiction under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The plaintiff however, did not assert any claim under the Privacy Act or ADEA in her Complaint, but raises these allegations for the first time in her opposition brief. "It is axiomatic . . . that a complaint may not be amended by the briefs in

opposition to a motion to dismiss." *Konah v. District of Columbia*, No. 10-cv-904, 2011 WL 4056673, at *4 (D.D.C. Sept. 14, 2011) (internal quotations omitted); *Arbitraje Casa de Cambio v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003). Regardless, the Privacy Act and ADEA do not provide the Court with subject-matter jurisdiction over the plaintiff's employment discrimination, breach of contract, and tort claims.

## IV.    CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss is granted. An appropriate Order will accompany this Memorandum Opinion.

**DATE: JANUARY 4, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge